IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR303 |
| v. | |
| GREG REICHERT, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Greg Reichert's ("Reichert") pro se "Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582 as a Result of the COVID-19 Pandemic" (Filing No. 78). The motion seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons stated below, Reichert's motion is denied.

Reichert pleaded guilty to one count of possession with intent to distribute 5 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1) (Filing No. 71). According to the Revised Presentence Investigation Report ("RPSR") (Filing No. 69) adopted by the Court (Filing No. 72), Reichert had a criminal history category VI. Reichert has three prior convictions for felony drug possession, and has prior convictions for terroristic threats, theft, and driving under the influence. Accordingly, he was given a four-level enhancement because the underlying offense is a controlled-substance felony, he has prior controlled-substance felony convictions, and he was designated a career offender (*See* Filing No. 80). The RPSR calculated Reichert's guideline range to be 188-235 months.

The Court granted Reichert's unopposed motion for a downward variance, resulting in a sentence far below the guideline range. The Court sentenced Reichert to 72 months

incarceration to be followed by a 4-year term of supervised release. Reichert is currently housed at the Rochester Federal Medical Center ("FMC") facility and is scheduled to be released February 3, 2025.

Reichert's motion does not present extraordinary and compelling reasons to merit a sentence reduction. In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13,[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the Director of the Bureau of Prisons ("BOP"). U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

---

[1]This policy statement predates the First Step Act, so it does not control the analysis here. *See United States v. Jenkins,* No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020). The Court still finds it instructive in evaluating Reichert's motion. *See id.*

Reichert's lone justification for compassionate release is "severe obesity" during the COVID-19 pandemic. However, the Compassionate Release Investigation Report (Filing No. 80), showed that according to BOP records, Reichert's concern did not rise to the level of being considered for early termination. Moreover, review of Reichert's medical history indicated that Reichert is not under treatment, has no medical restriction, and has only had prior medical holds for experiencing COVID symptoms or exposure (Filing No. 80 at 2). Neither the evidence nor the Compassionate Release Investigation have shown that his concerns are extraordinary or compelling under § 3582(c)(1)(A).

Additionally, the relevant factors in § 3553(a) weigh against release. Reichert has a significant criminal history, including multiple felonies. The Court recognizes that Reichert had a difficult upbringing and personal history and considered his background and addictions when granting his motion for variance and imposing a sentence over nine years below his guideline range. Thus, further reduction absent clear evidence of extraordinary circumstance would undermine the seriousness of his offenses and the need to promote respect for the law.

Reichert has not shown that extraordinary or compelling reasons justify reducing his sentence. Further, the Court finds that the balance of the relevant § 3553(a) factors and surrounding circumstances weigh against release. Accordingly, Reichert's motion is denied.

IT IS SO ORDERED:

Dated this 9th day of September 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge